UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN RE: SHEILA OLLISA McCOY,<br>　　　　Debtor. | BANKRUPTCY NO. 05-77220-DHA |
| SHEILA OLLISA McCOY ,<br>　　　　Appellant, | |
| v. | Civil Action No. 2:06cv344 |
| ROSEMONT AUTO TITLE LOAN,<br>　　　　Appellee. | |

### ORDER AND OPINION

Currently before the court is appellant Sheila Ollisa McCoy's appeal from an order of the United States Bankruptcy Court for the Eastern District of Virginia. The appellant appeals a ruling in which the bankruptcy court ruled that she could not avoid appellee Rosemont Auto Title Loan's interest in her vehicle pursuant to 11 U.S.C. § 522(f) as a tool of the trade. For the reasons stated below, this ruling is **AFFIRMED**.

**I. Background**

The appellant filed a voluntary petition in bankruptcy, pursuant to Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Virginia on October 14, 2005. Included among the appellant's assets was a 1994 Volvo 940 GL automobile, valued at $3,050.00. The appellee has a $600 lien on the automobile, which the appellant sought to avoid by filing a Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f), in which she claimed the automobile qualified as a tool of her trade. The appellee filed an objection to the appellant's motion, and the bankruptcy court held a hearing on the matter on February 14, 2006. The

appellant failed to appear at the hearing, and the bankruptcy court sustained the objection of the appellee and dismissed the motion. On March 8, 2006, the appellant filed a motion to reconsider, which the bankruptcy court granted. On April 19, 2006, the court held a hearing on the appellant's motion to reconsider, but after hearing the evidence, again denied her motion to avoid the appellee's lien on the automobile, finding that the appellant's breakdown of mileage on the car was not credible.

The appellant filed notice of appeal on May 1, 2006, pursuant to FED. R. BANKR. P. 8001, and designated the record for appeal on May 15, 2006, pursuant to FED. R. BANKR. P. 8006. On May 15, 2006, the appellant also filed a motion to proceed in forma pauperis, which the bankruptcy court granted on June 6, 2006.

On June 7, 2006, the appellant filed a motion for leave to appeal in accordance with Federal Rule of Bankruptcy Procedure 8003 and 28 U.S.C. § 158(a), and on June 21, 2006, the case was transferred to the district court on appeal of the bankruptcy court's ruling in favor of the appellee.

On July 13, 2006, six days after the filing deadline of July 7, the appellant submitted a brief in support of her appeal, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure. On July 28, 2006, one day after it was due, the appellee submitted a brief in response. The appellant has not filed a reply brief, and the time for so filing has passed. See FED. R. BANKR. P. 8009(a)(3).

## II. Standard of Review

The court reviews findings of fact by a United States Bankruptcy Court only for clear error. In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992). "A finding of fact is clearly erroneous

when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Green, 934 F.2d 568, 570 (4th Cir. 1991). Because the sole issue on appeal is a factual one, this court reviews the bankruptcy court's finding of fact for clear error.

**III. Discussion**

A. Timeliness

At the outset, the court notes that although both the appellant and the appellee filed their briefs beyond their respective deadlines, this court still has jurisdiction to rule on the merits of the appeal. Federal Rule of Bankruptcy Procedure 8009(a) provides an appellant with fifteen days in which to file and serve a brief after his appeal is docketed pursuant to Rule 8007. Rule 8009(a) further provides that the appellee has fifteen days after service of the appellant's brief to file his own brief. The appellant then has ten days after service of the appellee's brief to file a reply brief. FED. R. BANKR. P. 8009(a)(3).

Adherence to Rule 8009 is non-jurisdictional. See FED. R. BANKR. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."). Rule 8001(a) clearly gives the court discretion to dismiss the appeal if the appellant fails to comply with the procedural requirements provided in the bankruptcy rules, including failure to timely file an appeal brief. In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). However, the court must be guided by the rubric laid out in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992). Specifically, to find that dismissal is warranted, the court must "(1) make a finding of bad faith or negligence; (2) give the appellant

3

notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it had considered the impact of the sanction and available alternatives." Id. at 1311. It is clear that "dismissal for failure to comply with a non-jurisdictional, procedural guideline [is] a harsh sanction which a district court must not impose lightly." Id. Here, the court has considered each of these factors and has determined that dismissal based on Rule 8001 is not warranted. Therefore, the court will consider the merits of the appellant's contention.

B. Tool of the Trade

The Bankruptcy Code, in Section 522, permits a debtor to exempt from his estate property that would be exempt under either state or local law. Section 522(f) allows a debtor to avoid a lien that would impair such ordinarily exempt property if the lien is, inter alia, a nonpossessory, nonpurchase-money security interest in any "implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor." 11 U.S.C. § 522(f)(1)(A)(ii). On the question of what qualifies as a "tool of the trade" of the debtor, the Fourth Circuit has held that "the standard applied by the courts appears to be whether the items are 'specifically suited' to business use, or peculiar to the trade of the debtor." Dominion Bank of Cumberlands, N.A. v. Nuckolls, 780 F.2d 408, 413 (4th Cir. 1985).

At the hearing on the appellant's motion to avoid the appellee's lien, the appellant presented evidence designed to demonstrate that she used the Volvo automobile in question for business purposes. The bankruptcy court, in denying the motion, held that while it found the appellant's two witnesses to be credible, it doubted the credibility of the mileage breakdown listed in the tax return provided by the appellant. The appellant has provided this court with

copies of certain tax returns which she claims indicate that the automobile in question is a tool of the trade, because its costs were deducted as a business expense. However, whether the appellant claimed a deduction for the car as a business expense is not relevant to the question of whether the car is specifically suited to business use or peculiar to her trade. The record before the court is therefore devoid of evidence that weighs against the finding of the bankruptcy court that the Volvo automobile does not constitute a tool of the debtor's trade. Because this court finds no clear error in the bankruptcy court's ruling, it affirms the bankruptcy court.

**IV.     Conclusion**

For the reasons discussed above, the judgment of the bankruptcy court is **AFFIRMED.**

Appellant is **ADVISED** that she may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia 23510. This written notice of appeal must be received within thirty (30) days from the date of this order.

The Clerk is **REQUESTED** to send a copy of this Order to the appellant, to counsel of record for the appellee, and to the United States Bankruptcy Court for the Eastern District of Virginia.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

October 3, 2006
Norfolk, Virginia